IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

AVION LAWSON,

     Plaintiff,

v.                            CASE NO. 5:15-cv-308-WTH-GRJ

S.J. GILLMAN, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the court on ECF No. 49, the Motion to Dismiss by Defendant Leavins. Plaintiff has filed a response in opposition. (ECF No. 52.) The motion to dismiss is, therefore, ripe for review. For the reasons explained below, it is recommended that Defendant's motion to dismiss be granted in part, and denied in part.

## I. BACKGROUND

Plaintiff, an inmate in the custody of the Florida Department of Corrections, initiated this case by filing a *pro se* complaint under 42 U.S.C. § 1983, asserting claims against correctional officers Gillman and McCrary for violating Plaintiff's Eighth Amendment rights through the use of

excessive force, and retaliating against Plaintiff in violation of the First

Amendment. (ECF No. 1). Plaintiff filed the instant first amended

complaint, adding Warden Leavins, and asserting that Warden Leavins

also violated Plaintiff's Eighth Amendment rights by maintaining a "code of

silence" at Northwest Florida Reception Center ("NWFRC"), directing

officers Gillman and McCrary to use excessive force, and failing to act on

Plaintiff's complaints of abuse by Gillman and McCrary. (ECF No. 31).

Plaintiff claims that on the morning of February 6, 2015, while he was

incarcerated at NWFRC, officers Gillman and McCrary placed Plaintiff in

full-body restraints, led Plaintiff into a secluded area, and viciously beat

Plaintiff without cause, causing injuries (*Id.* at 7.) Plaintiff later filed a

grievance pertaining to the beating by officers Gillman and McCrary. (*Id.*)

Warden Leavins approved Plaintiff's grievance and, thus, according

to Plaintiff put Warden Leavins on notice of the abuse. (*Id.*) Despite being

aware of the abuse, Plaintiff says Warden Leavins failed to discipline

officers Gillman and McCrary due to a "code of silence" in place at the

Institution. (*Id.*) Plaintiff alleges that Warden Leavins never punished any

officer for failing to intervene during the use of excessive force, despite

Warden Leavins' responsibilities as Warden and a "widespread history of

abuse on inmates at [the Institution]." (*Id.* at 8.)

Instead, Plaintiff says Warden Leavins directed officers Gillman and McCrary to act unlawfully. (*Id.*) Plaintiff spoke to Warden Leavins a few weeks after the beating to re-report officers Gillman and McCrary's behavior, and to ask Warden Leavins why he had not reprimanded the officers. (*Id.*) Warden Leavins allegedly told Plaintiff that he would address the problem whenever he felt like it. (*Id.*)

Plaintiff claims Warden Leavins violated his supervisory duties.  (*Id.*) Warden Leavins was aware via grievances that Plaintiff had been beaten several times in the past. (*Id.* at 9.) Although Warden Leavins had the authority to improve prisoner treatment, Plaintiff alleges that Warden Leavins failed to properly train or rotate officers to prevent prisoner abuse (*Id.* at 8.) Plaintiff also alleges that Warden Leavins failed to avert officers Gillman and McCrary's from retaliating against Plaintiff and from using excessive force. (*Id.* at 9.) As relief, Plaintiff seeks compensatory and punitive damages.

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, the court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a

governmental entity or officer or employee of a governmental entity," and shall "dismiss the complaint . . . if the complaint . . . fails to state a claim upon which relief may be granted. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

As the Supreme Court held in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Further, in *Ashcroft v. Iqbal*, 556 U.S. 662, 1951–53 (2009), the Supreme Court stated that *Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible."

While a *pro se* litigant's allegations are entitled to the benefit of liberal

construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (overruled on other grounds by *Iqbal*, 556 U.S. 662).

## III. DISCUSSION

Warden Leavins argues that Plaintiff has failed to state a claim for relief because Plaintiff has not sufficiently alleged a factual basis to support a claim of supervisory liability against him. (ECF No. 49). Warden Leavins further argues that he is entitled to Eleventh Amendment immunity in his official capacity, as well as qualified immunity in his individual capacity.

### A.    Supervisory Liability

"It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). "Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the

actions of a supervising official and the alleged constitutional deprivation."
*Mercado v. City of Orlando*, 407 F.3d 1152, 1158 (11th Cir. 2005) (quoting
*Cottone*, 326 F.3d at 1360–61); *Brown v. Crawford*, 906 F.2d 667, 671
(11th Cir. 1990).

> The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. . . . Alternatively, the causal connection may be established when a supervisor's custom or policy results in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully and failed to stop them from doing so.

*Cottone*, 326 F.3d at 1360 (internal quotations omitted); *Gonzalez v. Reno*,
325 F.3d 1228, 1234–35 (11th Cir. 2003). However, "[t]he standard by
which a supervisor is held liable in his individual capacity for the actions of
a subordinate is extremely rigorous." *Cottone*, 326 F.3d at 1360 (alteration
in original); *Braddy v. Fla. Dep't of Labor & Emp't Sec.*, 133 F.3d 797, 802
(11th Cir. 1998).

Upon a review of the Complaint, the Court concludes that Plaintiff's
allegations raise a plausible claim for supervisory liability under § 1983
because Plaintiff sufficiently alleges facts suggesting a causal connection
between Warden Leavins and the alleged constitutional violations.  For

example, Plaintiff alleges that Warden Leavins was aware that officers were beating Plaintiff. Specifically Plaintiff alleges that he directly confronted Warden Leavins about the beatings from officers Gillman and McCrary, and inquired about Warden Leavins' intentions.  According to Plaintiff, Warden Leavins responded that he would address Plaintiff's complaint whenever he felt like it, and ultimately took no action. While the act of approving grievances on its own is not enough to put Warden Leavins on notice, Plaintiff alleges more here. *See Hendrix v. Tucker*, 535 Fed. Appx. 803, 805 (11th Cir. 2013) (finding that past grievances were not enough to impute notice, and that the deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration"). He alleges that Warden Leavins was told about the beatings and despite being told about the problem, Warden Leavins did nothing to stop the retaliation or stop what Plaintiff describes as widespread abuse at the prison.

Further, Plaintiff alleges that Warden Leavins maintained a "code of silence" through inaction. Plaintiff specifically alleges that Warden Leavins as the supervisor failed to establish necessary training of the officers, and failed to do anything about the policy of not rotating officers, which Plaintiff

claims failed to prevent prisoner abuse and contributed to the "code of silence" at the Institution.

Moreover, Plaintiff alleges that Warden Leavins never punished any officers for failing to intervene during incidents where officers were using excessive force.  Lastly, and in addition to never punishing officers for failing to intervene, Plaintiff alleges that Warden Leavins directed officers Gillman and McCrary to act unlawfully. *See Cottone*, 326 F.3d at 1360 (a causal connection for supervisory liability may be established when a supervisor directs subordinates to act unlawfully).

Although Warden Leavins argues that Plaintiff's allegations are conclusory in nature, and contain insufficient factual development, Plaintiff has alleged just enough facts to raise a plausible connection between Warden Leavins and the alleged use of excessive force. *Cf Cottone*, 326 F.3d at 1361 (finding the district court erred in failing to grant defendants' motion to dismiss where plaintiffs "[did] not allege any specific facts at all connecting the supervisors to [the Officers'] failure to monitor the inmates.").

While Plaintiff's allegations ultimately may not win the day once the facts are developed through discovery in this case, at this stage of the

proceedings—on a motion to dismiss— the Court concludes that Plaintiff

has pled enough facts to raise a plausible claim for supervisory liability

against Warden Leavins. Defendant's motion to dismiss for failure to state

a claim for supervisory liability, therefore, should be denied.

## B.    Eleventh Amendment Immunity

Warden Leavins also argues that he is entitled to Eleventh

Amendment immunity from Plaintiff's claims against him in his official

capacity.

A suit against a state official in his official capacity is a suit against

the State itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71

(1989). The Eleventh Amendment prohibits a suit against the State absent

the State's consent to the suit. *Alabama v. Puch*, 438 U.S. 781, 782

(1978). Florida has not waived its sovereign immunity or consented to be

sued in damage suits brought under § 1983. *See* § 768.28(18), Fla. Stat.;

*Gamble v. Fla. Dep't of Health & Rehabilitative Servs.*, 779 F.2d 1509,

1515 (11th Cir. 1986). Accordingly, to the extent that Plaintiff's claims are

interpreted as bringing suit for damages against Warden Leavins in his

official capacity, Plaintiff's claims should be dismissed.

## C.    Qualified Immunity

Warden Leavins alternatively argues that, even assuming Plaintiff's allegations are true, he is nonetheless entitled to qualified immunity in his individual capacity.

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether qualified immunity applies, a court must consider two factors: (1) whether the factual allegations show that the officer's conduct violated a constitutional right; and (2) whether the right was clearly established. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Warden Leavins only argues that he is entitled to qualified immunity because Plaintiff has failed to state a claim that he committed any constitutional violation. He does not argue that he is entitled to qualified immunity because the alleged constitutional rights were not clearly established.  As discussed above, Plaintiff has pled just enough facts to raise a plausible claim for supervisory liability against Warden Leavins. Thus, Warden Leavins' argument that he is entitled to qualified immunity at

this juncture fails.

Further, resolution of the second prong of the qualified immunity analysis—i.e. whether the alleged constitutional right was clearly established—is a highly fact-intensive determination that is more appropriate after the completion of discovery and not based only upon the bare allegations in the complaint.

Accordingly, Warden Leavins' motion to dismiss the claims against him in his individual capacity based upon qualified immunity should be denied at this point subject to the right of Warden Leavins to raise the defense, if appropriate, after the facts and evidence have been developed.

## IV.  RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

The Motion to Dismiss by Defendant Leavins, ECF No. 49, should be **GRANTED** in part, and **DENIED** in part.

**IN CHAMBERS** this 12th day of June, 2017.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**